UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD LEWIS, JR., #169148,

    Petitioner,

Civil No: 2:08-12333
Honorable Gerald E. Rosen
Magistrate Judge Michael J. Hluchaniuk

v.

JERI ANN SHERRY,

    Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION
FOR SUMMARY JUDGMENT; DISMISSING HABEAS
PETITION & DENYING A CERTIFICATE OF APPEALABILITY**

    Petitioner, Leonard Lewis, Jr., is a state inmate currently incarcerated at the Straits Correctional Facility in Kincheloe, Michigan. Petitioner was convicted after his Wayne County Circuit Court jury trial of second-degree murder, Mich. Comp. Laws §750.317; and for possessing a firearm during the commission of a felony, Mich. Comp. Laws §750.227b. He was sentenced to twelve to twenty years' imprisonment for the second-degree murder conviction and a two-year consecutive term of imprisonment for the felony firearm conviction.

    Petitioner has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. §2254. He raised the following claims: (1) Fourth Amendment violation regarding the suppression of his statement; (2) ineffective assistance of defense counsel; (3) ineffective assistance of appellate counsel; (4) insufficient evidence; (5) prosecutorial misconduct; and (6) error in the imposition of the sentencing guideline range.

Pending before the Court is "Respondent's Motion for Summary Judgment" based upon statute of limitations grounds. Petitioner has not responded to this motion. For the reasons that follow, the Court will grant Respondent's motion and dismiss the habeas petition with prejudice.

## I. STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F.3d 846, 851 (6th Cir. 2000), quoting Fed R. Civ. P. 56©. To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson,* 295 F.Supp.2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one-year statute of limitations shall apply to an application of writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1). A federal court will dismiss a case where a petition for a writ of habeas corpus does not comply with the one-year statute of limitations. See *Wilson v. Birkett,* 192 F.Supp.2d 763, 765 (E.D. Mich. 2002); see also *Holloway v. Jones,* 166 F.Supp.2d 1185, 1187 (E.D. Mich. 2001).

## II. DISCUSSION

### A. Timeliness of Habeas Petition

In this case, the direct appeal[1] of Petitioner's conviction ended when the Michigan Supreme Court denied Petitioner's application for leave to appeal on January 27, 2004. *People v. Lewis,* 469 Mich. 1000; 675 N.W. 2d 593 (2004) (table). Petitioner's conviction would become final, for the purposes of commencing the AEDPA's one-year limitations period, on the date that the 90-day time period for seeking certiorari with the U.S. Supreme Court expired. *Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000). Petitioner's judgment, therefore, became final on April 27, 2004, when he failed to file a petition for a writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub,* 10 F.Supp.2d 834, 835 (E.D. Mich. 1998). Therefore, Petitioner had one-year from April 27, 2004 to timely file a petition for habeas relief with the federal court. 28 U.S.C. §2244(d)(1)(A). Accordingly, absent state collateral review (i.e., a motion for relief from judgment or a motion for a new trial), Petitioner would have been required to file his petition for writ of habeas corpus with the federal court no later than April 27, 2005.

A properly filed application for state post-conviction review or other state collateral review, however, tolls the statute of limitations during the period the application is pending,

---

[1] The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Lewis,* No. 240011, 2003 WL 21675895 (Mich. Ct. App., July 17, 2003).

but it cannot revive the statute of limitations period (i.e., restart the clock) after the limitations period has expired. See *Hargrove v. Brigano,* 300 F.3d 717, 718, n.1 (6th Cir. 2002); 28 U.S.C. §2244(d)(2). Such a post-judgment filing can only serve to pause a clock that has not yet fully run. *Benoit v. Bock,* 237 F.Supp.2d 804, 807 (E.D. Mich. 2003). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations.

Petitioner filed his motion for relief from judgment on March 21, 2005, thirty-seven days before the statutory period expired. The trial court denied Petitioner's motion for relief from judgment on April 11, 2005. Petitioner proceeded to file an application for leave to appeal with the Michigan Court of Appeals and relief was denied. *People v. Lewis,* No: 269025 (Mich. Ct. App. Sept. 28, 2006). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court where relief was denied on December 29, 2006 "because defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Lewis,* 477 Mich 979; 725 N.W. 2d 337 (2006).

On February 28, 2007, Petitioner filed a second motion for relief from judgment in the trial court. The motion was denied on June 12, 2007. Petitioner filed an application for leave to appeal with the Michigan Court of Appeals which was denied on jurisdictional grounds on April 9, 2008. *People v. Lewis,* No. 283718 (Mich. Ct. App., Apr. 9, 2008). Petitioner did not appeal the ruling of the Michigan Court of Appeals to the Michigan Supreme Court. Instead, he filed the habeas petition presently before the Court on May 30, 2008.

With thirty-seven days left on the limitations period following the Michigan Supreme

Court's denial of relief on December 29, 2006, Petitioner had until February 4, 2007 in which to file a habeas petition or other post-judgment pleading for collateral review. Although Petitioner's filing of his second motion for relief from judgment would have tolled the statute of limitations, *Hudson v. Martin,* 68 F.Supp.2d 798, 801 (E.D. Mich. 1999), he failed to do so until February 28, 2007, twenty-four days after the limitations period expired. Therefore, Petitioner's habeas petition is untimely, absent tolling.

### B.  Equitable Tolling

The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations," *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005), but the United States Court of Appeals for the Sixth Circuit has stated that the statute of limitations is not jurisdictional, *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003), and that equitable tolling applies to the one-year limitation period for habeas petitions. *See Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). A petitioner who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 125 S. Ct. at 1814.

In this Circuit, courts must consider and balance the factors set out in *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988), "unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009. The *Andrews* factors are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. [*Dunlap*, 250 F.3d] at 1008.

These factors are not necessarily comprehensive and they are not all relevant in all cases. *Cook v. Stegall*, 295F.3d 517, 521 (6th Cir. 2002). Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Id.*; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

"In essence, the doctrine of equitable tolling allows federal courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan* v. Bagley, 400 F.3d 417, 421 (6th Cir. 2005) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)); *see also Pace*, 544 U.S. at 418. Equitable tolling should be granted only "sparingly." *Keenan*, 400 F.3d at 420 ("Equitable tolling is permissible under the [AEDPA], although rare." (Citation omitted)). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Lack of prejudice to the respondent is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and Petitioner has not alleged that he lacked notice or constructive knowledge of the filing requirement. Not only are the statute of limitations and equitable tolling issues not addressed within the text of Petitioner's habeas petition, he also has not filed a response to Respondent's summary judgment motion in an effort to support the timeliness of his habeas petition. Therefore, Petitioner has not claimed that some extraordinary circumstance prevented him from filing a timely habeas petition or that his ignorance of the filing requirement was reasonable. He also has not submitted any new evidence that would lead the Court to believe that he is actually innocent of the crimes for which he was

convicted. Therefore, equitable tolling is not appropriate here and cannot save the habeas petition from being time-barred.

### C. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled, in part, on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying the habeas petition, the Court studied the record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not debate the Court's conclusion that Petitioner does not present any claims upon which habeas relief may be granted.

Therefore, the Court will a certificate of appealability. The Court further finds no good faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.1997).

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that "Respondent's Motion for Summary Judgment" [DKT. 6] is **GRANTED** and the habeas petition is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED.**


        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: June 22, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on   June 22, 2009  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:     Brad H. Beaver    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
Leonard Lewis, #169148, Straits Correctional Facility, 4387 W M-80, Kincheloe, MI 49785 .

        s/Ruth A. Brissaud
        Ruth A. Brissaud, Case Manager
        (313) 234-5137